IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| BETTY ANN GILCHRIST and<br>JOHN GILCHRIST<br>　　　　　Plaintiffs<br><br>v.<br><br>WAL-MART STORES EAST, LP<br>　　　　　Defendant | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION - LAW<br><br>NO.<br><br>JURY TRIAL DEMANDED |
|---|---|---|

### DEFENDANT'S NOTICE OF REMOVAL

Defendant Wal-Mart Stores East, LP, hereinafter "Wal-Mart" unless otherwise indicated, is represented by undersigned counsel in this matter. Wal-Mart files this Notice of Removal pursuant to 28 U.S.C. §§ 1441(a), (b) and 1446(b)(3) to remove this action from the Court of Common Pleas of Delaware County, No. 2013-11039, where it is now pending, to the United States District Court for the Eastern District of Pennsylvania. In support thereof, Wal-Mart avers as follows:

1.　　Plaintiffs initiated a civil action against Wal-Mart Stores, Inc. in the Court of Common Pleas of Delaware County, No. 2013-11039. A true and correct copy of Plaintiffs' Complaint is attached hereto as Exhibit "A".

2.　　Wal-Mart Stores, Inc. has no interest in the subject property or this litigation; accordingly, the parties stipulated to, *inter alia*, amend the caption and correct the name of the defendant to the proper defendant: Wal-Mart Stores East, LP. A true and correct copy of the parties' Stipulation is attached hereto as Exhibit "B".

3.　　In Plaintiffs' Complaint, Plaintiffs aver that the amount in controversy is in excess of $50,000.00. See Exhibit "A".

4. The State Court wherein this action was originally filed is located in Media, Pennsylvania, which is embraced within this jurisdictional district.

5. Removal from the Delaware County Court of Common Pleas is proper under 28 U.S.C. §1441(a) and (b), which authorizes the removal of any civil action of which the District Courts of the United States has original jurisdiction and if none of the parties in interest properly joined and served as a defendant is a citizen of the state in which such action is brought.

6. Removal from the Delaware County Court of Common Pleas is also proper under 28 U.S.C. § 1446(b)(3), which provides that where the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

7. This Court has original jurisdiction over the subject matter under 28 U.S.C. §1332 as the parties are citizens of different states, and, as set forth herein, it is believed and therefore averred that the matter in controversy exceeds $75,000.

8. Plaintiffs allege that they are citizens of the Commonwealth of Pennsylvania who reside at 1563 Beale Street, Linwood, Delaware County, Pennsylvania. Exhibit "A", ¶ 1.

9. Defendant Wal-Mart Stores East, LP is a limited partnership organized and existing under the laws of the State of Delaware with its principal place of business located in Bentonville, Arkansas. Wal-Mart Stores, Inc. is the ultimate and sole (100%) owner of Wal-Mart Stores East, LP through various wholly owned operating entities as follows: Wal-Mart Stores, Inc. (hereinafter "WMSI") is the sole (100%) owner of Wal-Mart Stores East, LLC (hereinafter "WMSE LLC"), which is an Arkansas limited liability company with its principal place of business in Aransas. WMSE LLC is the sole (100%) owner of WSE Management, LLC

and WSE Investment, LLC, which are both Delaware limited liability companies whose principal places of business are in Arkansas. WSE Investment, LLC is the 99% owner and limited partner of Wal-Mart Stores East, LP. WSE Management, LLC is the 1% owner and general partner of Wal-Mart Stores East, LP. Accordingly, Wal-Mart Stores East, LP is owned by two Delaware limited corporations whose sole owner and shareholder is an Arkansas limited liability corporation (WMSE LLC), which in turn is wholly owned by a Delaware corporation, Wal-Mart Stores, Inc. None of Wal-Mart Stores East, LP's limited or general partners are citizens of the Commonwealth of Pennsylvania.

10. Plaintiffs' Complaint contains allegations of negligence arising out of a slip and fall at Wal-Mart Store #3252 in Boothwyn, Delaware County, Pennsylvania. Exhibit "A", ¶¶ 5-6.

11. Plaintiff Betty Ann Gilchrist claims she sustained injuries to her head, neck, shoulder, mid and lower back, along with multiple other parts of her body, and great mental anguish, which she "may and probably will continue to suffer [from] for an indefinite period of time into the future." Id. at ¶¶ 17-18, 20.

12. She claims her injuries have required medical treatment for headaches, neck and left shoulder pain, mid and low back pain primarily on the left, and pain radiating in her upper and lower left extremities, which may and probably will continue indefinitely. Id. at ¶¶ 19, 24-25.

13. Plaintiff Betty Ann Gilchrist also claims she has been and may be prevented from attending her usual employment, thereby suffering lost earnings and earning capacity, which may continue into the future. Id. at ¶¶ 21, 24-25.

14. Based on Plaintiff Betty Ann Gilchrist's representations to Wal-Mart's claims management company, it is believed and therefore averred that at the time of incident, Plaintiff was employed as the Assistant Manager of Dollar Tree in Media, Pennsylvania, where she earned nearly $700 per week.

15. She also claims to have been prevented from attending to daily activities, routines, leisures, pleasures and pursuits, and that she has been inconvenienced, all of which may and probably will continue into the future. Id. at ¶¶ 22-25.

16. Plaintiff John Gilchrist, Plaintiff Betty Ann Gilchrist's husband, claims that he has been denied the society, services, companionship and consortium of his wife. Id. at ¶ 27.

17. Wal-Mart filed its Answer with New Matter on or about February 18, 2014. A true and correct copy of Wal-Mart's Answer with New Matter, without exhibit, is attached hereto as Exhibit "C".

18. Therein, Wal-Mart alleged that Plaintiffs' damages, if any, are limited to an amount not in excess of $75,000. Exhibit "C", ¶ 38.

19. On March 13, 2014, Plaintiffs filed their Reply to New Matter, a true and correct copy of which is attached hereto as Exhibit "D", in which they responded to the aforementioned allegation as follows, "No answer is necessary. There are no factual allegations contained in paragraph 38. By way of further answer, the Answering Plaintiffs do not know where the Defendant Wal-Mart obtained its dollar amount in paragraph 38." Exhibit "D", ¶ 38.

20. Plaintiffs' answer to paragraph 38 constitutes as a denial. See Pa. R.C.P. 1029.

21. This Notice of Removal is being filed within thirty days of Wal-Mart's receipt of Plaintiffs' denial that damages, if any, are limited to an amount not in excess of $75,000.

22. Additionally, in light of the allegations, defense counsel inquired as to whether or not Plaintiffs were agreeable to limiting damages to avoid the need for removal. Plaintiffs' counsel stated that he would speak with his clients and advise.

23. Having yet to hear from Plaintiffs' counsel as to whether or not his clients would stipulate to limit damages to avoid removal to federal court, defense counsel inquired yet again, this time via written correspondence, a true and correct copy of which is attached hereto as Exhibit "E".

24. Plaintiffs' counsel has not responded to defense counsel's inquiries, further warranting removal to federal court.

25. In light of the severity of Plaintiffs' allegations in their Complaint, their Reply to New Matter, and most recent refusal to stipulate to limit damages, if any, to an amount not in excess of $75,000, Wal-Mart believes that the matter in controversy may be in excess of the sum or the value of $75,000, exclusive of interest and costs.

26. Based on the foregoing, the requirements of 28 U.S.C. §§ 1441(a), (b), 1446(b)(3) and 1332 have been satisfied and the within matter is properly removable.

**WHEREFORE**, Defendant Wal-Mart Stores East, LP respectfully requests that the State Action be removed from the Court of Common Pleas of Delaware County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

|  |  |
|---|---|
|  | MCDONNELL & ASSOCIATES, PC |
| Date: April 11, 2014 | /s/ Marc R. Kamin |
|  | Patrick J. McDonnell, Esquire, |
|  | Attorney I.D. No. PA 62310 |
|  | pmcdonnell@mcda-law.com |
|  | Marc R. Kamin, Esquire |
|  | Attorney I.D. No. PA 307464 |
|  | mkamin@mcda-law.com |
|  | Metropolitan Business Center |
|  | 860 1st Avenue, Suite 5B |
|  | King of Prussia, PA  19406 |
|  | (T) 610.337.2087 (F) 610.337.2575 |
|  | *Attorneys for Defendant* |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BETTY ANN GILCHRIST and <br> JOHN GILCHRIST <br>         Plaintiffs <br><br> v. <br><br> WAL-MART STORES EAST, LP <br>         Defendant | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION - LAW <br><br> NO. <br><br> JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I, Marc R. Kamin, Esquire hereby certify that a true and correct copy of Defendant's Notice of Removal was caused to be filed and that said Notice of Removal was served via facsimile and U.S. First Class Mail, postage pre-paid, on this date to the counsel below named:

Ronald David Ashby, Esquire
Ronald David Ashby & Associates, PC
210 West Baltimore Avenue
Media, PA 19063-0140
FAX: 610.565.2215
(*Plaintiffs' Counsel*)

                                                                                     McDONNELL & ASSOCIATES, PC

Date: April 11, 2014                                                      */s/ Marc R. Kamin*
                                                                                 Marc R. Kamin, Esquire
                                                                                 *Attorneys for Defendant*