IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| BETTY ANN & JOHN GILCHRIST | : | |
|---|---|---|
| Plaintiffs | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 14-cv-2154 |
| | : | |
| WAL-MART STORES EAST, LP | : | (Hon. William H. Yohn, Jr.) |
| Defendant | : | |

## DEFENDANT'S STATEMENT OF UNCONTESTED MATERIAL FACTS

Defendant Wal-Mart Stores East, LP, hereinafter referred to as "Wal-Mart" or Defendant, by and through its counsel, Law Offices of McDonnell & Associates, PC, respectfully moves this Honorable pursuant to Rule 56 of the Federal Rules of Civil Procedure and submits this Statement of Facts as to Which There Exists No Genuine Issue For Trial.

1.  In this premises liability matter, Plaintiff Betty Ann Gilchrist alleges she was injured when she slipped and fell in the vestibule of Wal-Mart Store #3252 in Boothwyn, Pennsylvania on February 29, 2012. A true and correct copy of Plaintiffs' Complaint is attached hereto as Exhibit "A".

2.  Plaintiff John Gilchrist alleges a loss of consortium as a result of his wife's injures. See Exhibit "A".

3.  At her deposition, Plaintiff Betty Ann Gilchrist (hereinafter "Plaintiff" unless otherwise indicated) testified that she knew it was raining on the date of incident, saw that it was raining heavily when she exited the Store and entered the vestibule, and knew that the floor in the vestibule was wet before her fall. Pl. Betty Ann Gilchrist's Dep. 17:24 – 18:1; 20:12-13; 27:9 – 28:8; 36:1-7, 9-14; 83:16-18, Aug. 25, 2014. A true and correct copy of Plaintiff's deposition transcript, in pertinent part, is attached hereto as Exhibit "B".

4.       The day after the date of incident, a representative from Wal-Mart's claims management company, Claims Management, Inc. (CMI), telephoned Plaintiff and, with Plaintiff's permission, conducted a recorded interview. A copy of the transcript of the recorded interview is attached hereto as Exhibit "C".

5.       Plaintiff told CMI the day after the incident that she and her husband had exited the Store, that she saw that it was "raining hard, so it was extremely wet", and that she "even said to my husband, be careful, it's probably slippery . . ." before she fell. Exhibit "C", Recorded Interview Tr. 7:21 – 8:2, March 1, 2012.

6.       Wal-Mart respectfully moves for summary judgment as Plaintiff assumed the risks associated with a known and obvious danger, thus absolving Wal-Mart from a duty to protect Plaintiff from the danger.

7.       After the relevant pleadings are closed, but within such time as not to delay trial, any party may move for summary judgment in whole or in part as a matter of law whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report. Fed. R. Civ. P. 56.

8.       For purposes of this Motion, the relevant pleadings are closed and Plaintiffs cannot establish, either through existing evidence or additional discovery or expert report, that Wal-Mart owed Plaintiffs a duty with respect to a known and obvious danger.

**WHEREFORE,** Defendant Wal-Mart Stores East, LP respectfully moves this Honorable Court to dismiss Plaintiffs' Complaint and enter judgment in Defendant's favor.

Respectfully submitted,
**MCDONNELL & ASSOCIATES, PC**

Date: 9/22/2014

/s/ Marc R. Kamin
Patrick J. McDonnell, Esquire
pmcdonnell@mcda-law.com
Marc R. Kamin, Esquire
mkamin@mcda-law.com
Metropolitan Business Center
860 1st Avenue, Suite 5B
King of Prussia, PA 19406
(T) 610.337.2087 (F) 610.337.2575
*Counsel for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BETTY ANN & JOHN GILCHRIST<br>Plaintiffs | : | CIVIL ACTION |
| v. | : | NO. 14-cv-2154 |
| WAL-MART STORES EAST, LP<br>Defendant | : | (Hon. William H. Yohn, Jr.) |

## CERTIFICATE OF SERVICE

I, Marc R. Kamin, Esquire hereby certify that a true and correct copy of Defendant's Motion for Summary Judgment and Brief in Support thereof was filed electronically and that notice of same has been or will be provided to the counsel below named via the Court's ECF system. Said documents are available for viewing and downloading from the ECF system.

Ronald David Ashby, Esquire
Ronald David Ashby & Associates, P.C.
210 West Baltimore Avenue
PO Box 140
Media, PA 19063
(*Plaintiffs' Attorney*)

MCDONNELL & ASSOCIATES, PC

Date: 9/22/2014

/s/ Marc R. Kamin
Marc R. Kamin, Esquire
*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BETTY ANN & JOHN GILCHRIST<br>Plaintiffs | : | CIVIL ACTION |
| v. | : | NO. 14-cv-2154 |
| WAL-MART STORES EAST, LP<br>Defendant | : | (Hon. William H. Yohn, Jr.) |

**WAL-MART DEFENDANT'S BRIEF IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT**

Defendant Wal-Mart Stores East, LP, hereinafter referred to as "Wal-Mart" or Defendant, by and through its counsel, Law Offices of McDonnell & Associates, PC, submits this Brief in support of Defendant's Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. There are no disputed issues of material fact, and Wal-Mart Defendant is therefore entitled to judgment in its favor as a matter of law.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

This action is a premises liability matter in which Plaintiff Betty Ann Gilchrist alleges she sustained injuries when she slipped and fell in the vestibule of Wal-Mart Store #3252 in Boothwyn, Pennsylvania on February 29, 2012. A true and correct copy of Plaintiffs' Complaint is attached to Defendant's Motion for Summary Judgment as Exhibit "A". Plaintiff John Gilchrist is Plaintiff Betty Ann Gilchrist's husband, who alleges a loss of consortium as a result of his wife's injuries. See Exhibit "A". On March 1, 2012, the day after Plaintiff's alleged incident, a representative from Wal-Mart's claims management company, Claims Management, Inc. (CMI), called Plaintiff Betty Ann Gilchrist (hereinafter "Plaintiff" unless otherwise indicated) on the telephone and, with Plaintiff's permission, conducted a recorded interview. A

copy of the transcript from the recorded interview is attached to Defendant's Motion for Summary Judgment as Exhibit "C".

On August 25, 2014, defense counsel deposed Plaintiffs. A true and correct copy of Plaintiff's deposition transcript, in pertinent part, is attached to Defendant's Motion for Summary Judgment as Exhibit "B". At her deposition, Plaintiff testified that it was raining on the date of her incident. Betty Gilchrist Dep. 17:24 – 18:1; 20:12-13; 83:16-18. She knew it was raining when she arrived at the Store, B. Gilchrist Dep. 83:16-18, and knew that it was raining hard when she exited the Store and entered the vestibule before her fall, id. at 28:1-8. As she began to make her way out of the Store, she saw other customers coming into the vestibule. Id. at 27:9-15. Plaintiff testified that she knew the floor in the vestibule was wet before she fell, id. at 36:1-7; "[y]ou could see it," id. at 36:9-14. During her recorded interview the day after the alleged incident, Plaintiff told CMI that she and her husband had exited the Store, that she saw that it was "raining hard, so it was extremely wet", and that she "even said to my husband, be careful, it's probably slippery . . ." before she fell. Exhibit "C", Tr. Recorded Interview 7:21 – 8:2, March 1, 2012.

The arbitration in this matter was originally scheduled for September 11, 2014, but was continued to December 18, 2014. The parties have exchanged written discovery and, on August 25, 2014, defense counsel conducted depositions of Plaintiffs as indicated above. Plaintiffs' counsel intends to depose former and current Wal-Mart associates and members of management in early October 2014. For purposes of this Motion for Summary Judgment, Wal-Mart represents that the relevant pleadings are closed and that Plaintiffs cannot establish, either through existing evidence or additional discovery or expert report, that Wal-Mart owed Plaintiffs a duty with respect to the known and obvious danger.

2

## II. ARGUMENT

### A. Standard For Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56, a defending party may move for the entry of summary judgment in its favor. It is proper to grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

The United States Supreme Court has explained that in ruling on motions for summary judgment, trial judges must determine "the range of permissible conclusions that might be drawn" from the evidence. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 596 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986) (emphasis added).

Where, as here, the non-moving party opposing summary judgment bears the burden of proof at trial on the issue for which summary judgment is sought, the non-moving party must make a showing sufficient to establish the existence of all elements essential to his case. In essence, the non-moving party must demonstrate that there exists sufficient evidence for a reasonable jury to find in his favor. Anderson, 477 U.S. at 249. If the non-moving party fails to make such a showing with respect to any essential element of his case on which he bears the burden of proof, the moving party is entitled to summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Indeed, if the record, "taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citations omitted).

3

In this case, Plaintiffs cannot demonstrate that there is sufficient evidence for a reasonable jury to find in their favor. Accordingly, Wal-Mart is entitled to judgment in its favor as a matter of law.

### B. Summary Judgment is Proper as Plaintiff Betty Ann Gilchrist Assumed the Risks Associated with the Known and Obvious Danger and Proceeded in the Face of the Known Risks, Absolving Wal-Mart From a Duty to Protect Her.

If an invitee knows the actual conditions, and the activities carried on, and the dangers involved in either, she is free to make an intelligent choice as to whether the advantage to be gained is sufficient to justify her in incurring the risk by entering or remaining on the land. Campisi v. Acme Markets, 915 A.2d 117, 120 (Pa. Super. Ct. 2006) (citing Restatement (Second) of Torts § 343A(1), cmt. (e) (1965)). In such a case, the possessor of the land may reasonably assume that the invitee will protect herself through the exercise of ordinary care, or that she will voluntarily assume the risk of harm if she does not succeed in doing so. Id. "Where a plaintiff voluntarily and intelligently undertakes an activity which [she] knows to be hazardous and likely to cause [her] injury, no duty exists on the part of the property owner as a matter of law." Howell v. Clyde, 533 Pa. 151, 161; 620 A.2d 1107, 1113 (Pa. 1993); see also, Zachardy v. Geneva College, 1999 Pa. Super. 155; 733 A.2d 648 (Pa. Super. 1999), app'l denied, 561 Pa. 700; 751 A.2d 193 (Pa. 2000); Havir v. Fountain Hill Dev. Assocs., 2012 Pa. Dist. & Cnty. Dec. LEXIS 60 (C.P. Lehigh, May 2, 2012), aff'd, Havir v. Fountain Dev. Assoc., 2013 Pa. Super. LEXIS 1489 (Pa. Super. Ct., Mar. 22, 2013). Through pleadings, depositions, and a recorded interview, Plaintiffs have shown that Plaintiff Betty Ann Gilchrist assumed the risks by voluntarily and with awareness of the dangers, proceeding in the face of the known risks, and absolving Wal-Mart from a duty to protect her. Accordingly, there is no disputed issue of material fact, and Wal-Mart is entitled to judgment in its favor as a matter of law.

4

A plaintiff's assumption of risk "is simply another way of expressing the lack of any duty on the part of the possessor to protect the invitee against" such known and avoidable dangers. Chiricos v. Forest Lakes Council Boy Scouts, 391 Pa. Super. 491; 571 A.2d 474 (Pa. Super. Ct. 1989) (quoting Carrender v Fitterer, 503 Pa. 178; 469 A.2d 120 (Pa. 1983) (citations omitted)). The Supreme Court of Pennsylvania has held that, "When the invitee enters a business premises, discovers dangerous conditions which are both obvious and avoidable, and nevertheless proceeds voluntarily to encounter them, the doctrine of assumption of risk operates merely as a counterpart to the possessor's lack of duty to protect the invitee from those risks. . . . It is precisely because the invitee assumes the risk of injury from obvious and avoidable dangers that the possessor owes the invitee no duty to take measures to alleviate those dangers." Carrender, 503 Pa. at 188 (citations omitted).

Pennsylvania Courts have seen many cases like Plaintiffs and disposed of them in the same manner that Wal-Mart seeks through its instant Motion for Summary Judgment. "[W]here the evidence reveals a scenario so clear as to avoid all questions of material fact concerning the plaintiff's own conduct can the court enter summary judgment; in effect the court determines that the plaintiff relieved the defendant of the duty to guard him from a risk of harm regardless of the source from which the duty derived." Montagazzi v. Crisci, 2010 Pa. Super. 78; 994 A.2d 626 (Pa. Super. Ct. 2010); see also Carrender, 503 Pa. at 178. In Havir v. Fountain Hill Dev. Assocs., summary judgment was entered in favor of the defendant and against the plaintiff because evidence showed that the plaintiff voluntarily walked across a parking lot, knowing that it was covered with slush and ice. 2012 Pa. Dist. & Cnty. Dec. LEXIS 60. The plaintiff's deposition testimony revealed that she knew she was facing an obvious and dangerous condition when she testified that there was a risk of falling on the slush. Id. Therefore, the defendant

owed no duty to the plaintiff. In Chiricos, the Boy Scouts owed no duty to the plaintiff where the danger was obvious and where the plaintiff had knowledge of it. 391 Pa. Super. at 497 (citing Trial Ct. Op.). Specifically, the record showed that the danger posed by the defendant's all-terrain vehicle (ATV) was obvious because the presence of the ATV and its risk would have been apparent and recognized by a reasonable person exercising normal perception, intelligence, and judgment. 391 Pa. Super. at 497 (citing Trial Ct. Op.) (citing Restatement (Second) of Torts, Sections 343 and 343A). See also Palmieri v. Grant Liberty Dev. Group Assocs., 2009 Pa. Dist. & Cnty. Dec. LEXIS 346 (C.P. Allegheny, Oct. 13, 2009), aff'd, 2010 Pa. Super. LEXIS 5188 (Pa. Super. Ct., Sept. 30, 2010) (plaintiff owed himself a duty to avoid any collections of moisture in the lobby, and especially to exercise caution when crossing the lobby since plaintiff knew it was raining outside). A possessor does not owe a duty of care to an invitee when the danger is open and obvious and is avoidable by the exercise of ordinary care on the part of the invitee. Campisi, 915 A.2d 117 (citing Restatement (Second) of Torts § 343A).

"The law of Pennsylvania does not impose liability if it is reasonable for the possessor to believe that the dangerous condition would be obvious to and discovered by his invitee." Howell v. Clyde, 533 Pa. at 156 (quoting Carrender, 503 Pa. at 185 (citations omitted)). In Carrender, the Supreme Court reviewed the testimony and concluded that plaintiff assumed the risks posed by a patch of ice on which the plaintiff slipped when she returned to her vehicle in the parking lot. 503 Pa. 178. Further, the defendants could have reasonably expected that the danger would be avoided. Id. "By voluntarily proceeding to encounter a known or obvious danger, the invitee is deemed to have agreed to accept the risk and to undertake to look out for himself." Carrender, 503 Pa. at 187-88.

6

In the instant matter, the record is clear that Plaintiff knew it was raining outside, knew of the rain water on the floor in the vestibule and its attendant risks, and voluntarily proceeded through the vestibule, absolving Wal-Mart from any duty to protect her. At her deposition, Plaintiff Betty Gilchrist testified that she knew it was raining that day, B. Gilchrist Dep. at 83:16-18, and knew that it was raining hard when she exited the Store and before her fall. Id. at 28:1-8. As she entered the vestibule from the Store, she also saw customers coming in from the outside. Id. at 27:9-15. She testified that most of floor in the vestibule was wet, id. at 28:2-15; 35:8 – 36:10; 38:13-15; "[y]ou could see it,", she testified, id. at 36:9-14. See also Exhibit "C", Recorded Interview Tr. 7:21-23 (Plaintiff reported that it was raining outside and "so the floor was extremely wet"). The dangers were so known and obvious to Plaintiff before her fall, that she warned her husband, who was walking in front of her, to be careful. Id. at 7:25 – 8:2; B. Gilchrist Dep. 37:1-7. Plaintiff clearly knew of the dangers and knew of the risks posed by those dangers. It is precisely for this reason that Wal-Mart owed Plaintiff no duty in the instant matter. A reasonable person exercising normal perception, intelligence and judgment, could appreciate the risks. It is clear from the record that Plaintiff did in fact appreciate the risks and that she still proceeded voluntarily to face those risks. As the evidence reveals a scenario so clear as to plaintiff's own conduct, summary judgment in Wal-Mart's favor is warranted.

## III. CONCLUSION

As set forth above, Plaintiffs have not offered evidence on which a jury could reasonably find for Plaintiffs. This Honorable Court is bound to hold that Wal-Mart owed no duty to protect Plaintiff Betty Ann Gilchrist from a known and obvious danger and the attendant risks that she voluntarily faced. Therefore, Wal-Mart respectfully requests that this Honorable Court enter summary judgment in Wal-Mart's favor and against Plaintiffs.

Respectfully submitted,
**McDONNELL & ASSOCIATES, PC**

Date: 9/22/2014

/s/ *Marc R. Kamin*
Patrick J. McDonnell, Esquire
pmcdonnell@mcda-law.com
Marc R. Kamin, Esquire
mkamin@mcda-law.com
Metropolitan Business Center
860 1st Avenue, Suite 5B
King of Prussia, PA 19406
(T) 610.337.2087 (F) 610.337.2575
*Counsel for Defendant*

8