# Exhibit A

# Supreme Court of Pennsylvania
## Court of Common Pleas
### Civil Cover Sheet
DELAWARE County

For Prothonotary Use Only:

Docket No: 13-11039

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Notice of Appeal
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

Lead Plaintiff's Name: Betty Ann Gilchrist
Lead Defendant's Name: Wal-Mart Stores, Inc.

☐ Check here if you are a Self-Represented (Pro Se) Litigant

Name of Plaintiff/Appellant's Attorney: Ronald David Ashby

Are money damages requested?: ☒ Yes ☐ No

Dollar Amount Requested: (Check one)
- ☐ within arbitration limits
- ☒ outside arbitration limits

Is this a *Class Action Suit?* ☐ Yes ☒ No

**SECTION B**

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** (do not include Mass Tort)
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability (does not include mass tort)
- ☐ Slander/Libel/ Defamation
- ☒ Other:
  Slip & Fall

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other:

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional:

**CONTRACT** (do not include Judgments)
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other

- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other

- ☐ Other:

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure
- ☐ Partition
- ☐ Quiet Title

- ☐ Other:

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Zoning Board
- ☐ Statutory Appeal: Other

Judicial Appeals
- ☐ MDJ - Landlord/Tenant
- ☐ MDJ - Money Judgment
- ☐ Other:

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin

- ☐ Other:

Pa.R.C.P. 205.5                                                      2/2010

**RONALD DAVID ASHBY, ESQUIRE**
**RONALD DAVID ASHBY and ASSOCIATES, P.C.**
ID # 25377
210 West Baltimore Avenue
PO Box 140
Media, PA 19063-0140
610.565.2200
610.565.2215 fax
ronald.ashby@rda-law.com

**IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA**
**CIVIL ACTION - LAW**

| | |
|---|---|
| **BETTY ANN GILCHRIST and** | : NO. 13 - 011 039 |
| **JOHN GILCHRIST, husband and wife** | : |
| Plaintiffs | : |
| | : |
| v. | : |
| | : |
| **WAL-MART STORES, INC.** | : |
| Defendant | : |

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

> Delaware County Lawyer Referral Service
> Delaware County Bar Association
> 335 West Front Street, P.O. Box 466
> Media, Pennsylvania 19063
> 610-566-6627

Copying Prohibited

R
D
LAW

RONALD DAVID ASHBY and ASSOCIATES, P.C.
210 West Baltimore Avenue
Media, Pennsylvania 19063
www.rda-law.com

2

RONALD DAVID ASHBY, ESQUIRE
RONALD DAVID ASHBY and ASSOCIATES, P.C.
ID # 25377
210 West Baltimore Avenue
PO Box 140
Media, PA 19063-0140
610.565.2200
610.565.2215 fax
ronald.ashby@rda-law.com



FILED
2013 NOV -6 PM 3:41
OFFICE OF
JUDICIAL SUPPORT
DELAWARE CO. PA.

IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA
CIVIL ACTION - LAW

BETTY ANN GILCHRIST and : NO. 13 - 011059
JOHN GILCHRIST, husband and wife
       Plaintiffs

v.                                :

WAL-MART STORES, INC.
       Defendant                  :

## COMPLAINT

TO THE HONORABLE, THE JUDGES OF THE ABOVE COURT:

The above named Plaintiffs, Betty Ann Gilchrist and her husband John Gilchrist, by and through their attorneys, Ronald David Ashby & Associates, P.C., do hereby make the following representations in support of their Complaint:

1. The above named Plaintiff Betty Ann Gilchrist is an adult individual who presently resides at 1563 Beale Street, Linwood, Delaware County, Pennsylvania. She is the wife of Plaintiff John Gilchrist.

2. The above named Plaintiff John Gilchrist is an adult individual who presently resides at 1563 Beale Street, Linwood, Delaware County, Pennsylvania. He is the husband of the Plaintiff Betty Ann Gilchrist.

3. Wal-Mart Stores, Inc., is a multinational retail corporation with its principal offices located in Bentonville, Arkansas. The Defendant is a registered foreign corporation in the Commonwealth of Pennsylvania and allowed to conduct business in the Commonwealth of Pennsylvania. It has a store located at 605 Conchester Highway, Boothwyn, Delaware County, Pennsylvania.

4. The above named Plaintiffs allege and aver on or about the 29th day of February, 2012, at or about 11:00 am the above named Plaintiff Betty Ann Gilchrist was exiting the Wal-Mart store in Boothwyn after shopping in same. Said store being located at 605 Conchester Highway, Boothwyn, Delaware County, Pennsylvania.

5. The above named Plaintiffs allege and aver on or about the 29th day of February, 2012, the Defendant Wal-Mart Stores, Inc., controlled the store located at 605 Conchester Highway, Boothwyn, Delaware County, Pennsylvania.

6. The above named Plaintiffs allege and aver all of the occurrences in this matter occurred on or about the 29th day of February, 2012 at or about 11:00 am while the Plaintiff Betty Ann Gilchrist was exiting the store with her husband, Plaintiff John Gilchrist, having shopped in the Defendant Wal-Mart store on that morning.

7. At the aforesaid place and time, the Plaintiff Betty Ann Gilchrist alleges and avers she was proceeding to exit the Wal-Mart store in Boothwyn, Pennsylvania when she was caused to slip and fall to the ground by reason of a highly defective and dangerous condition existing at the time on said premises. Said defective and dangerous condition being what appeared to be automatic exit doors opening and closing during a heavy raining day. The vestibule was or appeared to be a slate and/or slate type material floor. Lastly there were no signs, cones or notice as to the condition of the wet slate and/or slate type material floor at or about the time of this incident.

8. The above named Plaintiffs allege and aver at the aforementioned time and place the Plaintiff Betty Ann Gilchrist while proceeding to exit the store the Defendant allowed the slate and/or slate type material vestibule floor to accumulate water. The accumulation of water on a slate and/or slate type material floor caused it to be extremely slippery.

9. At the aforementioned place and time the Plaintiff Betty Ann Gilchrist alleges and avers she was on the real property located at 605 Conchester Highway, Boothwyn, Delaware County, Pennsylvania, as a business invitee as a result of the Defendant maintaining a store at the above location and inviting the public to come in and shop.

10. At the aforementioned date and time the above Plaintiff Betty Ann Gilchrist alleges and avers the Defendant was in charge of, controlled and/or maintained

and/or supervised the geographical area herein and particularly in charge of the care, custody and control and supervision of the slate and/or slate type material floor in the vestibule of the store located at 605 Conchester Highway, Boothwyn, Delaware County, Pennsylvania.

11. At the aforementioned date, time and place, the above Plaintiff Betty Ann Gilchrist alleges and avers the Defendant and/or its agents, servants, employees or representatives or independent contractors failed to keep and/or maintain the vestibule area in a reasonably safe condition for those people traversing a said area, particularly the Plaintiff herself. By way of further allegation the Plaintiff Betty Ann Gilchrist alleges and avers the Defendant was in exclusive custody, possession and control of the aforesaid real property as indicated above. Its agents, servants, employees, representatives and/or independent contractors did nothing to maintain a safe environment in and about the area of the vestibule of the Wal-Mart store located at 605 Conchester Highway, Boothwyn, Delaware County, Pennsylvania.

12. The above named Plaintiffs allege and aver it was the duty of the Defendant, its agents, servants, employees, representatives or independent contractors at the aforesaid date and time to maintain a reasonably safe vestibule area free from any dangerous or defective conditions as a result of either snow or a result of rain or other climatological conditions.


R
D
LAW

RONALD DAVID ASHBY and ASSOCIATES, P.C.
210 West Baltimore Avenue
Media, Pennsylvania 19063
www.rda-law.com

4

13. The above named Plaintiff Betty Ann Gilchrist alleges and avers the Defendant through its employees, agents, servants, representatives and/or independent contractors did allow the property located at 605 Conchester Highway, Boothwyn, Delaware County, Pennsylvania, to carelessly, recklessly or negligently come into a dangerous and/or defective condition as a result of the failure to properly supervise the area and to remove any water on the slate and/or slate type material floor and to place a non skid surface in the area and to post a notice as to the possible dangerous and defective conditions which may exist at or about the time of this incident.

14. The above named Plaintiff Betty Ann Gilchrist alleges and avers the actions of the Defendant, its employees, servants, representatives and/or independent contractors were careless, reckless and/or negligent.

15. The above named Plaintiff Betty Ann Gilchrist alleges and avers the dangerous, carelessness and/or recklessness of the Defendant consisted of the following:

    A. Failure to regard the rights, safety and position of the Plaintiff Betty Ann Gilchrist at the aforesaid place and time;

    B. Failure to take due notice of the location and position of the Plaintiff Betty Ann Gilchrist at the aforesaid time and place;

    C. Failure to inspect, correct or have corrected a defect and/or dangerous condition in the vestibule area. Said condition believed

R D LAW

RONALD DAVID ASHBY and ASSOCIATES, P.C.
210 West Baltimore Avenue
Media, Pennsylvania 19063
www.rda-law.com

to be existing for some period of time prior to Plaintiff Betty Ann Gilchrist traversing the area;

D. Failure to place a non skid material on the slate and/or slate type material floor so individuals traversing the slate and/or slate type material floor would not slip and fall in the rain;

E. Allowing a dangerous and defective condition to exist while the Defendant knew or should have known said dangerous condition had been created and such creation posed a dangerous hazard to business invitees such as the Plaintiff herein;

F. Permitting water to collect on the slate and/or slate type material floor in the vestibule of the store and to the extent it posed an unreasonable risk of injury to the Plaintiff and other business invitees on or about the property on the aforementioned date and time;

G. Failure to properly inspect the vestibule area of the premises;

H. Failure to properly maintain the vestibule area of said premises;

I. Allowing the vestibule area to become and remain a dangerous and unsafe condition;

J. Failure to clear and/or remove the accumulation of water from the aforementioned vestibule area in a reasonable and timely manner after receiving actual notice thereof;

K. Failure to clear and/or remove the accumulation of water from the aforementioned vestibule area in a reasonable and timely manner after constructive notice thereof;

L. Failure to use reasonable prudence and/or due care in the care and maintenance of the aforementioned vestibule area of the store located at 605 Conchester Highway, Boothwyn, Delaware County, Pennsylvania;

M. Failure to make a reasonable inspection of the aforementioned vestibule area at such premises, which would have revealed the existence of such a defective and dangerous condition posed by the accumulation of water on the slate and/or slate type material floor in the vestibule area of the premises;

N. Failure to make a reasonable and time inspection of the aforementioned vestibule area of said premises, which would have revealed the existence of a dangerous and defective condition posed by the accumulation of water itself on the slate and/or slate type material floor vestibule area on the said premises;

O. Failure to provide a non slip surface or a non slip covering on the slate and/or slate type material floor in the vestibule area of the aforesaid premises after receiving actual notice of the need thereof;

P. Failure to provide a non slip surface or non slip mat to the slate and/or slate type material floor in the vestibule area after receiving constructive notice of the need of same;

Q. Failure to warn the Plaintiff Betty Ann Gilchrist of such a dangerous and/or defective condition;

R. Failure to warn the Plaintiff Betty Ann Gilchrist of a dangerous condition which was neither open or obvious to her;

S. Failure to warn the Plaintiff Betty Ann Gilchrist of the aforesaid dangerous and/or defective condition posed by the accumulation of water or to take any other sufficient safety precaution to prevent injury to the Plaintiff and/or any other business invitee upon the premises on the aforesaid date;

T. Failure to erect barricades or to take any other sufficient safety precaution to prevent injury to the Plaintiff and/or any other business invitee on the premises on the aforesaid date;

    U.     Violating the ordinances of the Township pertaining to maintaining a safe and non defective vestibule area on the aforementioned property.

### COUNT I

16.    The above named Plaintiff Betty Ann Gilchrist incorporates all allegations contained in paragraphs 1 through 15 above as if same were fully set out herein at length.

17.    The above named Plaintiff Betty Ann Gilchrist alleges and avers as a result of the negligence, carelessness and recklessness of the Defendant and/or its employees, agents, servants, representatives and/or independent contractors, she was caused to sustain injuries which have included but are not limited to her head, neck, shoulder, mid and lower back, bones, muscles, ligaments, tissues and nerves, cells and function and a sever shock to the Plaintiff's nerves and nervous system some or all of which she has been advised are or may be permanent in nature.

18.    The above named Plaintiff Betty Ann Gilchrist alleges and avers as a direct result of the negligence, carelessness and recklessness of the Defendant and/or its employees, agents, servants and representatives and/or independent contractors, she suffered great physical pain to her head, neck, left shoulder, mid and low back primarily on the left along with multiple other parts of her body, and she may and probably will continue to suffer therefrom for an indefinite period of time into the future, to her great detriment and loss.

19. The above named Plaintiff Betty Ann Gilchrist alleges and avers as a direct result of the negligence, carelessness and recklessness of the Defendant, its employees, agents, servants, representatives and/or independent contractors, she has been required to undergo medical treatment for headaches, neck and left shoulder pain, mid and low back pain primarily on the left, pain radiating in her upper left extremities and her lower left extremities. She may and will probably continue into the future to suffer for an indefinite period of time to her great detriment and loss.

20. The above named Plaintiff Betty Ann Gilchrist alleges and avers as a direct result of the negligence, carelessness and recklessness of the Defendant, its employees, agents, servants, representatives and/or independent contractors, the Plaintiff has suffered great mental anguish, which she may and probably will continue to suffer for an indefinite period of time into the future to her great detriment and loss.

21. The above named Plaintiff Betty Ann Gilchrist alleges and avers as a direct result of the negligence, carelessness and recklessness of the Defendant, its employees, agents, servants, representatives and/or independent contractors, the Plaintiff was for a period of time and may in the future be prevented from attending her usual employment, has lost earnings and earning capacity to her great detriment and loss.

22. The above named Plaintiff Betty Ann Gilchrist alleges and avers as a direct result of the negligence, carelessness and recklessness of the Defendant, its employees, agents, servants, representatives and/or independent contractors, the Plaintiff

has been prevented from attending to her daily activities, routines and leisure, pleasures and pursuits which may and probably ill continue into the future to her great detriment and loss.

23. The above named Plaintiff Betty Ann Gilchrist alleges and avers as a direct result of the negligence, carelessness and recklessness of the Defendant, its employees, agents, servants, representatives and/or independent contractors, the Plaintiff has suffered inconvenience and loss of life's pleasures, which may and probably will continue into the future to her great detriment and loss.

24. The above named Plaintiff Betty Ann Gilchrist alleges and avers as a direct result of the negligence, carelessness and recklessness of the Defendant, its employees, agents, servants, representatives and/or independent contractors, as a result of the injuries she has received from the actions of the Defendant, the Plaintiff has been obligated to receive and undergo medical treatment and care and has incurred various expenses for the injuries which have been caused and sustained, and may be obligated to expend such sums and to incur such expenses for an indefinite period of time into the future, to her great detriment and loss.

25. The above named Plaintiff Betty Ann Gilchrist alleges and avers as a direct result of the negligence, carelessness and recklessness of the Defendant, its employees, agents, servants, representatives and/or independent contractors, the Plaintiff has incurred and/or may in the future incur other financial expenses and/or losses which

may or do exceed amounts which are otherwise recoverable, to her great detriment and loss.

**WHEREFORE**, the above named Plaintiff, Betty Ann Gilchrist, demands judgment against the Defendant in a sum in excess of Fifty Thousand Dollars.

## COUNT II

26. The above named Plaintiff John Gilchrist incorporates by reference all allegations set forth in paragraphs 1 through 25 as if same were fully set out herein at length.

27. The above named Plaintiff John Gilchrist alleges and avers as a further result of the injuries to the Plaintiff Betty Ann Gilchrist, the Plaintiff John Gilchrist has been denied the society, services, companionship and consortium of his loving wife Betty Ann Gilchrist to his great detriment and loss.

**WHEREFORE**, the Plaintiff John Gilchrist prays this Court to enter judgment against the Defendant in favor of him in a sum in excess of Fifty Thousand Dollars.

Respectfully submitted
RONALD DAVID ASHBY and ASSOCIATES, P.C.

BY: _____
Ronald David Ashby, Esquire
Attorney for Plaintiffs

## VERIFICATION

I/We verify the statements made in the attached hereto Complaint are true and correct to the best of my/our knowledge, information and belief. I/We understand that a false statement made herein is subject to the penalties of 18 Pa C.S.A, Section 4904 related to unsworn falsification to authorities.

*Betty Ann Gilchrist*
Betty Ann Gilchrist

*John J. Gilchrist*
John Gilchrist

R
D
LAW

RONALD DAVID ASHBY and ASSOCIATES, P.C.
210 West Baltimore Avenue
Media, Pennsylvania 19063