# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BETTY ANN GILCHRIST and JOHN GILCHRIST,<br>        Plaintiffs,<br><br>        v.<br><br>WAL-MART STORES EAST, LP,<br>        Defendant. | CIVIL ACTION<br><br>No. 14-2154 |

## MEMORANDUM

YOHN, J.                                                                                                                                                                               February 12, 2015

      Wal-Mart Stores East, LP has moved for summary judgment on Betty Ann Gilchrist's negligence claim that arose when she slipped on a wet floor and fell while exiting its store in Boothwyn, Pennsylvania.[1] In Pennsylvania, a possessor of land owes no duty to an invitee who "voluntarily" encounters a known, obvious, and avoidable danger. Wal-Mart claims that is exactly what Gilchrist did here, and so it owed her no duty. Based on the record, however, a reasonable juror (or arbitrator) could find that Gilchrist did not voluntarily walk across the wet floor nor was the danger avoidable, because she had no reasonable alternative. Under Pennsylvania law, I must therefore deny Wal-Mart's motion and submit to a jury the question of whether Gilchrist had a reasonable alternative to walking across the wet floor.

---

[1] John Gilchrist, her husband, filed a loss of consortium claim, which would of course rise or fall on her claim.

I.      **Factual and Procedural Background**

On February 29, 2012, a rainy day, Betty Ann and John Gilchrist went shopping at a Wal-Mart in Boothwyn, Pennsylvania. Gilchrist Dep. 16:25–17:4, 18:9–12. After they finished shopping, they walked toward a vestibule that provided an exit from the store. *Id.* at 26:13–27:12, 34:2–25. Some Wal-Marts have two such exits, one from the general merchandise area and one from the grocery area, but this Wal-Mart had only one exit from both areas. Gilchrist Wal-Mart Interview 10:6-19. The only other possible exit was through the store's lawn and garden department, but that exit may have been closed at that time. Burke Dep. 37:14–38:13.

Just before Gilchrist entered the vestibule, she noticed that it was still raining outside. Gilchrist Dep. 28:2–10. She also saw puddles all over the vestibule's floor, covering most of it. *Id.* at 36:11–14. She even warned her husband, who was walking ahead of her, to tread carefully because the floor looked slippery. Gilchrist Wal-Mart Interview 7:25–8:2. As Gilchrist stepped onto the vestibule's floor, she launched into the air and then landed on the floor, hitting her back, head, and shoulder. Gilchrist Dep. 20:12–17, 39:14–40:3. She lay there until an ambulance arrived and took her to the hospital. *Id.* at 41:6–11. As the result of her fall, she sprained her arm and hurt her head. Gilchrist Wal-Mart Interview 8:4–9.

On November 6, 2013, the Gilchrists sued Wal-Mart in the Court of Common Pleas of Delaware County. Gilchrist brought one count of negligence, and John brought one count of loss of consortium. On April 14, 2014, Wal-Mart removed the lawsuit to this court and filed a motion for summary judgment on September 22, 2014. The Gilchrists responded on October 14, 2014, and Wal-Mart replied to their response on January 19, 2015.

## II.     Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "Material facts are those that could affect the outcome of the proceeding, and a dispute about a material fact is genuine if the evidence is sufficient to permit a reasonable jury to return a verdict for the nonmoving party." *Roth v. Norfalco, LLC*, 651 F.3d 367, 373 (3d Cir. 2011) (citations omitted) (internal quotation marks omitted).  To establish the existence or absence of a genuine dispute as to any material fact, a party must "cit[e] to particular parts of materials in the record" or "show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1)(A)-(B).

"In evaluating the motion, 'the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence.'" *Guidotti v. Legal Helpers Debt Resolution, LLC*, 716 F.3d 764, 772 (3d Cir. 2013) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (citation omitted) (internal quotation marks omitted).

## III.    Discussion

Wal-Mart argues that it is entitled to summary judgment on Gilchrist's negligence claim because the record proves that it did not owe her a duty to protect her from the wet floor.  It contends that "the record is clear that [Gilchrist] knew it was raining outside, knew of the rain water on the floor in the vestibule and its attendant risks, and voluntarily proceeded through the

vestibule, absolving Wal-Mart from any duty to protect her." Wal-Mart's Mot. Summ. J. 3. I reject this argument because, based on the record, a reasonable juror could find that Gilchrist did not "voluntarily" walk through the vestibule, as she had no reasonable alternative. Thus, the danger was not "avoidable."

As a possessor of land, Wal-Mart owed a duty to Gilchrist, a business invitee,[2] to protect her from foreseeable harm. *Carrender v. Fitterer*, 469 A.2d 120, 123 (Pa. 1983).[3] But that duty was not absolute: Wal-Mart owed Gilchrist no duty if she "discover[ed] dangerous conditions which [were] both obvious and *avoidable*, and nevertheless proceed[ed] *voluntarily* to encounter them." *Id.* at 125 (emphases added). Indeed, under Pennsylvania law, "the assumption of risk analysis is incorporated into the duty analysis." *Kaplan v. Exxon Corp.*, 126 F.3d 221, 225 (3d Cir. 1997).[4] And "this issue goes to the jury unless reasonable minds could not disagree." *Id.*

In *Kaplan*, for example, the Third Circuit applied Pennsylvania law and held that the plaintiff did not voluntarily encounter a risk because she had "no reasonable alternative." *Id.* at 227. Kaplan tried to board a bus from a sidewalk by walking across a snow mound that stood between her and the bus. *Id.* at 223. Another passenger warned Kaplan that the mound was icy,

---

[2] Gilchrist was a business invitee because she was "a person who [was] invited to enter or remain on land for a purpose directly . . . connected with business dealings with the possessor of the land." *Cresswell v. End*, 831 A.2d 673, 676 (Pa. Super. Ct. 2003) (quoting Restatement (Second) of Torts § 332 (1965)).

[3] More specifically, Pennsylvania sets forth this duty that a possessor of land owes to a business invitee as follows:
> A possessor of land is subject to liability for physical harm caused to [its business] invitees by a condition on the land if, but only if, [it]
>  (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitee, and
>  (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>  (c) fails to exercise reasonable care to protect them against the danger.

*Summers v. Giant Food Stores, Inc.*, 743 A.2d 498, 506 (Pa. Super. 1999) (quoting Restatement (Second) of Torts § 343)). Wal-Mart argues only that it did not owe Gilchrist this duty in the first place.

[4] "Thus, to say that [Gilchrist] assumed the risk of injury from a known and avoidable danger is simply another way of expressing the lack of any duty on the part of [Wal-Mart] to protect [her] against such dangers." *Carrender*, 469 A.2d at 125.

but she tried to cross it anyway and fell. *Id.* She could have taken another route to the bus that was longer and required her to walk in the street. *Id.* She sued Exxon, the sidewalk owner, for negligence. *Id.* Considering whether Exxon owed Kaplan a duty, the Third Circuit first established that "the snow mound was a known and obvious risk." *Id.* at 226. But it found that reasonable minds could disagree on whether Kaplan crossed it voluntarily, asserting that "[t]he plaintiff does not make a real choice when there is no safe alternative to encountering the risk." *Id.* It concluded that a jury could find that the other route was not a reasonable alternative, as it would have required Kaplan to walk in an icy street with traffic and to time her "round-about traverse to the bus with some precision." *Id.* As a result, it reversed the district court and remanded the case for a jury to decide whether Kaplan had a reasonable alternative route.

Here, as in *Kaplan*, a reasonable juror could find that Gilchrist did not voluntarily cross the treacherous area because it was not avoidable. To be sure, Wal-Mart has established that Gilchrist, like Kaplan, proceeded in the face of a known and obvious danger. As Gilchrist herself admits, she saw that the vestibule floor was covered with water; she even warned her husband that it looked slippery. But the record suggests that she did not voluntarily confront this known and obvious danger.[5] She tried to leave the store through the only public exit available from both the general merchandise and grocery areas. Moreover, within this exit area, she could not avoid the puddles because they blanketed most of the floor. She possibly could have left through the lawn and garden department's exit, but Wal-Mart's representative, Joseph Burke, testified that it may have been closed. (It was, in fact, February.) And even if it were open, reasonable minds could disagree on whether it was a reasonable alternative route. I must

---

[5] Wal-Mart's brief and reply do not even address the issue of whether Gilchrist's use of the vestibule was "voluntary" and how she could have "avoided" the risk of exiting through the vestibule, since there was no other exit available from Wal-Mart's store.

therefore let a jury decide whether Gilchrist had a reasonable alternative to walking across the wet vestibule floor—that is, whether she voluntarily walked across the floor.

## IV. Conclusion

For the forgoing reasons, I deny Wal-Mart's motion for summary judgment. An appropriate order follows.